■ In the Matter of the Estate of GEORGE C. SCHLEGEL, Deceased. CAROLINE SCHLEGEL, Appellant, LINCOLN-ROCHESTER TRUST COMPANY et al., as Co-Trustees of the Estate of GEORGE C. SCHLEGEL, Deceased, et al., Respondents.— Decree modified in accordance with memorandum, and as modified affirmed, without costs of this appeal to any party. Memorandum: We affirm the decree of the Surrogate's Court insofar as it denies and dismisses the petition for an order requiring respondents trustees to secure for petitioner a plenary examination of the books and records of Schlegel Manufacturing Co. and severs the intermediate judicial settlement of the proceedings of the cotrustees from this proceeding. We would modify the decree, however, in the allowances made to counsel for the various parties and the special guardian, which allowances were charged against the principal of the trust under paragraph 5 to the extent of three quarters thereof, and against the principal of the trust under paragraph 6 to the extent of one quarter thereof. We know of no authority for the allowance to the attorneys for the Schlegel Manufacturing Co. The services rendered were not for the benefit of the trust, but were solely for the benefit of the corporation. The services rendered by the attorneys and counsel for the respondents trustees, as demonstrated by the record, while substantial in nature, were not, in time involved or in benefit to the trustees, reasonably worth the amount allowed by the Surrogate. Likewise the allowance to the special guardian for the infants having an interest in the estate would appear to be in excess of the reasonable value of his services, particularly in view of the absence of itemized records as to the time devoted by him to his services on behalf of his wards. We consider the allowances made to be in full payment of all services rendered in the examination proceeding and services to date of the decree in the intermediate accounting proceeding. The decree should be modified by striking therefrom the allow-

ance of $12,500 made the attorneys for the Schlegel Manufacturing Co., by reducing the allowance to the special guardian from $10,000 to $6,000, and by reducing the allowance to the attorneys for the respondents trustees from $27,500 to $12,500, the amount heretofore paid by the trustees to them and their counsel herein, and as so modified, affirmed. All concur, except Goldman, J., who dissents in part in the following Memorandum: Petitioner-appellant commenced these proceedings in June, 1960 seeking judicial settlement of the accounts of cotrustees and further sought an examination of the trustees and of the Schlegel Manufacturing Company. Petitioner is the principal life beneficiary of two testamentary trusts which had been established six years before under the will of her deceased husband, the principal of said trusts being approximately $1,700,000. In November of 1960 the firm of Sullivan & Sullivan, attorneys for the trustees, retained Raymond F. Allen, a former law school professor and practicing attorney specializing in litigation and appellate work, to act of counsel with them. With the assistance of the trustees these attorneys prepared the schedules and necessary documents for an intermediate accounting. In furtherance of the demands in her petition, petitioner examined the trustees at great length and required production of the books and accounts of Schlegel, the stock of said corporation being the principal asset of the trusts. The affidavits of the attorneys show that there were 50 court appearances, 8 of which were duly appointed hearings before the Surrogate, in which testimony was produced which covers 237 pages of the record. Fifty-one exhibits were marked in evidence including hundreds of documents, among which were financial statements, balance sheets and statements of income and expense of Schlegel covering the period from 1900 to 1962. Numerous conferences outside of court were had between petitioner's attorney and the trustees' attorneys which consumed many days over a period of about two years. Attorney Allen, as counsel, had full responsibility for and rendered the major services performed in the appearances in Surrogate's Court and in the two appeals to this court. The affidavit of Charles J. Sullivan states that his firm "spent upwards of over 300 hours". Computing the value of these services at the Monroe County Bar Association minimum hourly rate of $30 and adding a thousand dollars because several of these hours were spent in court, I find their services to be reasonably worth $10,000. Attorney Allen's affidavit asserts that his services involved "the whole or parts of 153 days for a total of approximately 300 hours of time". Included in these services were the eight Surrogate's Court hearings for which the minimum per diem Bar Association rate is $250, or a total of $2,000. The arguments of two appeals by attorney Allen in this court were certainly worth a minimum of $500 each. Using the same $30 per hour minimum for time spent outside of court, I find the reasonable value of attorney Allen's services to be $15,000. The reasonable value of the joint efforts of attorneys Sullivan & Sullivan and Allen is, in my judgment, $25,000, approximately 1½% of the corpus of the trusts, I would modify the Surrogate's allowance to them of $27,500 by reducing it to the sum of $25,000, from which should be deducted the $12,500 they have heretofore received. (Appeal from a decree of Monroe Surrogate's Court, dismissing the petition and ordering allowances to certain law firms.) Present — Williams, P. J., Bastow, Goldman and Marsh, JJ.